**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUDEAU BROWN, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-7449** |
| | : | |
| **ALYRA J. PARKER, *et al.*,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 19th day of November 2026, upon consideration of Plaintiff Judeau Brown, Jr.'s Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 2), and *pro se* Complaint (ECF No. 3), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**.

2. Judeau Brown, Jr., #2500002485, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Lancaster County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Brown's inmate account; or (b) the average monthly balance in Brown's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Brown's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Brown's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to **SEND** a copy of this Order to the Warden of the Lancaster County Prison.

4. The Complaint is **DEEMED** filed.

5. For the reason's stated in the Court's Accompanying Memorandum, the following claims are **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE,** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

   a. All claims against Lancaster County Magistrate Judge Rodney Hartman and Lancaster County Public Defender Alyra J. Parker are **DISMISSED WITH PREJUDICE.**

   b. All claims seeking injunctive relief and *habeas* relief are **DISMISSED WITHOUT PREJUDICE.**

6. The Clerk of Court is **DIRECTED** to terminate Judge Hartman and Public Defender Parker as Defendants.

7. The remaining claims will **PROCEED** to service, namely Brown's claims against Lancaster County Chief Public Defender Christopher Tallarico and Lancaster County Prison Warden Cheryl Steberger for retaliating against him in violation of the First Amendment.

8. The Clerk of Court is specially appointed to serve a written waiver request on the remaining Defendants at the address for each provided in the Complaint (ECF No. 3 at 4) as follows, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service for:

   a. Lancaster County Chief Public Defender Christopher Tallarico

   b. Lancaster County Prison Warden Cheryl Steberger

9. The waiver of service requests shall be accompanied by a copy of the Complaint, a copy of this Order and the accompanying Memorandum, and shall inform the Defendants of the consequences of compliance and failure to comply with the requests. The requests shall

allow the Defendants at least 30 days from the date it is sent (60 days if addressed outside any judicial district of the United States) to return the signed waiver.

10. If a signed waiver is not returned within the time limit given, the Court will issue subsequent orders to attempt to effect service by the U.S. Marshal in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3).

11. The Clerk of Court is **DIRECTED** not to issue summonses until further order of this Court.

12. No discovery will take place in this case until the Court enters a scheduling order or other order permitting discovery. This means the Court **will not consider discovery motions** unless or until discovery is authorized. At this early stage of the case, it cannot yet be determined if a hearing or discovery will be necessary for the disposition of this case.

13. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*) in accordance with Federal Rule of Civil Procedure 5(b), and Local Rule 5.1.2 where applicable, and should include any certificate of service required by Rule 5(d).

14. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Brown is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

15. Once discovery is permitted, Brown should note Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." In accordance

with Local Rule 26.1(f), Brown shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

16. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

17. In accordance with Local Rule 5.1(b), the parties should notify the Clerk's Office of a new address within fourteen (14) days of an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

18. Brown may file a motion for voluntary dismissal of this case at any time if Brown decides not to pursue it. In making this decision, Brown should consider the statute of limitations.

**BY THE COURT:**

**GAIL A. WEILHEIMER, J.**